In the Matter of JAMES F. O'NEILL, an Attorney.

*Attorney and client — censure of attorney.*

Disciplinary proceeding instituted by the Association of the Bar of the City of New York.

CLARKE, P. J.: The charges are as follows: In August, 1914, Catherine Clavin retained the respondent to endeavor to obtain the release of her nephew, William King, from the House of Refuge, to which he had been committed for a term of eighteen months. At the time she retained the respondent Mrs. Clavin paid him fifteen dollars on account of his fee, and on August 26, 1914, a further sum of ten dollars on account thereof. On August 28, 1914, Mrs. Clavin paid the respondent twenty dollars upon his representation that he would use this money for the purpose of obtaining a transcript of the minutes of the trial which resulted in the nephew's conviction and confinement in the House of Refuge. Respondent did nothing to obtain the release of Mrs. Clavin's nephew except to telephone to her on one occasion, requesting that she call at his office, and when she did call as requested he was out. Thereafter Mrs. Clavin and her husband called at the respondent's office a number of times but never succeeded in seeing him. Instead of using the twenty dollars to obtain a copy of the minutes, for which purpose the money had been given to him, the respondent converted the money to his own use. The respondent has not returned any part of the forty-five dollars obtained as aforesaid. When the respondent appeared before the committee on grievances he admitted that he had received the forty-five dollars under the circumstances hereinbefore set forth. He had not, however, procured the stenographer's minutes and had done nothing to obtain King's release from the House of Refuge. He also admitted that he had made no effort to return to Mrs. Clavin any part of the forty five dollars which he had received from her in this matter, his explanation being that after he had been retained he had forgotten all about the case. In his answer to this petition the respondent avers that the only distinct knowledge he possesses of the retainer of him by Mrs. Clavin and the payment by her of the sums on the dates mentioned therein are the receipts shown to him on the hearing before the committee, but that there was such a retainer and such payments is evidenced from such receipts. He denies that he ever knowingly and willfully converted said sum of twenty dollars to his own use. He admits that he has not returned said money to Mrs. Clavin as he feared that it would appear to be an effort on his part to influence the complainant. He has been practicing law for nearly thirty years, seventeen in the State of Georgia, where he was Solicitor-General of the Criminal Court of Atlanta, and nearly thirteen in the city of New York. And he further says in this case it appears by

the affidavit of the complainant that the retainer was paid away from his own office, which was at that time at 287 Broadway. "Possibly I may have failed to take a statement of the same or have failed to file it among my papers. But at any rate, I have found no record or entry of any kind which could even refresh my memory. I frankly state that from time to time I have had a feeling that something had been neglected. The date of the receipt shows that the transaction took place about a month before the beginning of the October term of the Supreme and City Courts, and just about the time of the opening of the Municipal Court, when I must have been necessarily busy in the immediate preparation of cases. My principal practice is as trial counsel for other lawyers. This involves constant attendance in court during the business hours of the day, and much consultation and preparation before hand, leaving little time for outside work, so that I presume in the hurry and concentration on other matters, this affair completely escaped my attention, and as I was never approached by Mrs. Clavin nor communicated with by her it finally passed from my mind. I feel fully the injustice done the boy, Andrew Green, who may possibly have suffered an injustice, and am deeply grieved as a man and as a lawyer that it came through my instrumentality. That, I cannot make amends for. I can and of course will compensate Mrs. Clavin for what she is out, principally the fee and the expenses. I have made no attempt at concealment, denial or defense. I simply place myself in the hands of the court to judge me according to my deserts. I have been in many and important cases in my professional career. I can justly say that I have the confidence of the courts here and elsewhere and the confidence of the Bar. The courts and those who oppose me accept my word and rely on it. I am fifty years of age and the law is my only reliance. If I lose it it is a sentence for life. I ask that it be left to me." Upon the petition and the answer there seems to be no necessity for ordering a reference. Upon the most favorable construction of the conceded facts a case of gross professional negligence is admitted, which cannot be overlooked. In view of respondent's frankness before the committee and in his answer I am of the opinion that a case of willful conversion of a client's money has not been presented. Respondent is censured for his carelessness, neglect and serious dereliction of professional duty. He will of course pay back the amounts received by him. No further proceedings will be taken herein. McLaughlin, Scott, Dowling and Smith, JJ., concurred. Respondent censured. Order to be settled on notice.